IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kristie Burgess, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:08-3919-HMH-BHH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| JHM Hotels, LLC, and JHM Hotels Management, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Kristie Burgess ("Burgess") alleges violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq*. The Defendants moved for summary judgment. In the Report and Recommendation, United States Magistrate Judge Bruce Howe Hendricks recommends denying the Defendants' motion for summary on the FMLA interference claim and the FMLA retaliation claim. The Defendants filed objections arguing that they are entitled to summary judgment on the retaliation claim. The Defendants did not object to the magistrate judge's recommendation to deny summary judgment on the interference claim. After

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

review and for the reasons below, the court grants in part and denies in part the Defendants' motion for summary judgment.

## I. FACTUAL AND PROCEDURAL HISTORY

The Defendants own and/or operate thirty-six hotels in several states including South Carolina. (Def. Mem. Supp. Summ. J. Ex. 1 (Dharmendra Rama Aff. ¶ 3).) In May 2005, Burgess was employed by the Defendants as the Regional Director of Sales for the Carolina Region. She was responsible for sales in this region and "excelled in" the position. (Def. Mem. Supp. Summ J. 2 and Ex. 1 (Rama App. ¶ 5).) Burgess directly reported to Daniel Barre′ ("Barre′"), the Regional Director of Operations, and indirectly to James Browder, Vice President of Sales. (Id. Ex. 1 ( Rama Aff. ¶ 5).) Barre′ reported to Dharmendra Rama ("Rama"), Vice President of Operations. Burgess and Barre′ worked out of home offices in Columbia, South Carolina, a central location to the hotels located in Greenville, Gastonia, and Charleston. (Id. Ex. 1 ( Rama Aff. ¶ 9).)

Burgess underwent ACL reconstruction surgery in March 2008 requiring leave from work and travel restrictions upon her return. Burgess notified Barre′ of her surgery immediately and Barre′ notified Cindy McPheeters ("McPheeters"), the Corporate Director of Human Resources. (Pl.'s Mem. Opp'n Summ. J. Ex. 11 (Burgess Aff. ¶ 3).) McPheeters indicated that "we'll need to do an FMLA for her." (Id. Ex. 15 (Email).) After returning to work, Burgess provided a note, as requested by Barre′, indicating that she was limited to administrative duties. (Id. Ex. 11 (Burgess Aff. ¶ 4).) Burgess developed a deep vein thrombosis after the surgery. (Id. Ex. 11 (Burgess Aff. ¶ 5).) Burgess allegedly advised Barre′ that as a result of the deep vein thrombosis she needed daily shots, was required to visit the doctor each week, was limited to

2

two hours of driving per day, and was prohibited from air travel.  (Id. Ex. 11 (Burgess Aff. ¶ 5).)  Burgess' condition worsened the following week and she was hospitalized.  (Pl.'s Mem. Opp'n Summ. J. Ex. 11 (Burgess Aff. ¶¶ 7, 8).)  Burgess' leave for the surgery and hospitalization was not designated as FMLA leave.

Burgess returned to work on May 26, 2008, with restrictions that she communicated to Barre′.  (Id. Ex. 11 (Burgess Aff. ¶ 11).)  Burgess alleges that Barre′ threatened to force her to take full time leave if she could not fully perform her work.  (Id. Ex. 11 (Burgess Aff. ¶ 11).)  Burgess allegedly complained to McPheeters about Barre′'s resistence to a modified schedule.  (Id. Ex. 11 (Burgess Aff. ¶ 12).)  On June 3, 2008, Burgess met with McPheeters to discuss her FMLA rights.  (Id. Ex. 11 (Burgess Aff. ¶ 20).)  Burgess took intermittent FMLA leave beginning June 2, 2008.

Burgess was terminated from her employment on September 11, 2008.  (Pl. Mem. Opp'n Summ. J. Ex. 11 (Burgess Aff. ¶ 27).)  Beginning in early 2008, the Defendants experienced a decline in business and eliminated 71 positions and left vacant 59 positions between February 2008 and June 2009.  (Def. Mem. Supp. Summ. J. Ex. 1 (Rama Aff. ¶ 6) and Ex. 8 (McPheeters Aff. ¶ 3).)  According to the Defendants, Burgess' position was eliminated and has not been refilled.  (Id. Ex. 12 (Rama Dep. at 38).)  Further, the Defendants allege that they do not intend to refill the position.  (Id. Ex. 12 (Rama Dep. at 38).)

Burgess filed the instant suit alleging an interference claim and a retaliation claim under the FMLA.  The Defendants moved for summary judgment on September 4, 2009.  Burgess filed a memorandum in opposition on September 20, 2009.  On September 28, 2009, the Defendants filed a reply.  Magistrate Judge Hendricks issued her Report and Recommendation on March 18,

3

2010, recommending denying the motion for summary judgment. (Report and Recommendation, generally.) The Defendants filed objections on April 5, 2010. This matter is now ripe for consideration.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

**B. Objection**

The Defendants object to the magistrate judge's recommendation to deny summary judgment on Burgess' retaliation claim under the FMLA. Citing Yashenko v. Harrah's NC Casino Co., LLC, 446 F.3d 541(4th Cir. 2006), the Defendants submit that they are entitled to summary judgment on the FMLA retaliation claim because Burgess has presented no evidence to rebut the Defendants' legitimate nondiscriminatory reasons for her discharge, the elimination of the position along with many others in an effort to cut costs. (Objections, generally.) "The FMLA was enacted to help working men and women balance the conflicting demands of work and personal life." Price v. City of Fort Wayne, 117 F.3d 1022, 1024 (7th Cir. 1997). "It does so by recognizing that there will be times in a person's life when that person is incapable of performing her work duties for medical reasons." Id. The FMLA entitles eligible employees to twelve weeks of leave during a twelve-month period for, among other reasons, a serious health condition that renders the employee unable to perform employment functions. See 29 U.S.C. § 2612(a)(1)(D). The FMLA prevents retaliation by employers against employees who try to assert their rights under the FMLA. See Dodgens v. Kent Mfg. Co., 955 F. Supp. 560, 565 (D.S.C. 1997); 29 U.S.C. §§ 2615(a)(2), 2615(b). Section 2615(a)(2) makes it "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

**C. McDonnell Douglas Framework**

The court first analyzes this claim under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804 (1973). This framework is as follows:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981) (quoting McDonnell Douglas, 411 U.S. at 802) (citations omitted). In satisfying the third step, if the plaintiff is able to show by a preponderance of the evidence that the defendant's purported reason is a pretext, then the "plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000).

To establish a prima facie case of retaliation under the FMLA, the plaintiff must "show that [s]he engaged in protected activity, that the employer took adverse action against [her], and that the adverse action was causally connected to the plaintiff's protected activity." Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998). In this case, the Defendants do not contest that Burgess has established a prima facie case.

The Defendants have offered a legitimate, non-discriminatory reason for Burgess' termination that Burgess was terminated as part of a reduction in force to reduce costs in a down economy. Therefore, the burden shifts back to Burgess to prove that the termination was pretext for FMLA retaliation. See Nichols v. Ashland Hosp. Corp., 251 F.3d 496, 502 (4th Cir. 2001). "[A]n employee who requests or is on FMLA leave has no greater protection against his or her employment being terminated for reasons not related to his or her FMLA request or leave than

he or she did before submitting the request . . . . [A]n employee may be terminated if the action would have been taken in the absence of the FMLA request or leave." McBride v. CITGO Petroleum Corp., 281 F.3d 1099, 1108 (10th Cir. 2002) (citation omitted).

Burgess alleges that she has offered sufficient evidence of pretext for the following reasons: (1) the Defendants have provided different reasons for her termination; (2) the Defendants planned to grow the Carolina Region substantially; (3) the Defendants changed their position about who were the decisionmakers; (4) disparate treatment of Barreʹ; (5) temporal proximity of her termination to FMLA leave; (6) the timing of Burgess' alleged poor performance evaluation; (7) there was no sales decline in the Carolina Region; and (8) the Defendants' failure to offer Burgess another position. (Pl. Mem. Opp'n Summ J., generally.)

None of Burgess' arguments undercut the Defendants' legitimate, nondiscriminatory reason for her termination, a reduction in force of 130 employees. There is no dispute that the Defendants in an effort to cut costs eliminated many jobs as a result of the economic downturn. (Def. Mem. Supp. Summ. J. Ex. 1 (Rama Aff. ¶ 6) and Ex. 8 (McPheeters Aff. ¶ 3).) Most significantly, the Defendants eliminated Burgess' position in September 2008 and have not hired anyone to replace her. In fact, the Defendants state that they do not intend to refill the position. There is no reasonable inference that can be drawn from the evidence that Burgess was terminated in retaliation for exercising her rights under the FMLA. The Defendants are "for profit" entities that would not leave unfilled a necessary position to their operation simply to support their position in this lawsuit that Burgess' position was eliminated as part of a reduction in force to reduce costs across the company.

In Yashenko, the Fourth Circuit held that the defendant was entitled to summary judgment on the plaintiff's FMLA retaliation claim. 446 F.3d at 549-50. The plaintiff argued that the defendant's proffered reason was pretext because

> Yashenko's job was not in jeopardy when his leave commenced in May 2003; that Yashenko received a grade increase in March 2003 shortly before the leave began; that Yashenko was the only employee who lost his job after his position was eliminated by the reorganization in 2003; that Harrah's had never required anyone else on a leave of absence to apply or interview for a position; and that even if Yashenko had applied for the newly created Manager position, he would not have gotten the job.

Id. The Fourth Circuit concluded that all of the evidence cited by the plaintiff to support a finding of pretext failed to "dispute the company's contention that Yashenko's position was eliminated in a legitimate reorganization." Id. at 550.

Likewise, Burgess' arguments for pretext fail to dispute the Defendants' contention that her position was eliminated in a legitimate reduction in force. Burgess alleges that in May 2008, she received the worst evaluation and the smallest raise that she had ever received from the Defendants. (Pl. Mem. Opp'n Summ. J. Ex. 11 (Burgess Aff. ¶ 18).) However, despite the economic downturn, Burgess received a 2% pay increase, which was the average raise. (Def. Reply Ex. 3 (McPheeters 2nd Aff. ¶ 4).) Rama testified that he did not see or consider her performance appraisal in deciding to eliminate Burgess' position. (Id. Ex. 1 (Rama Aff. ¶ 10).) Further, despite the Defendants' plans to grow the Carolina Region in the Greenville area, it is undisputed that the Defendants' eliminated 71 positions and left unfilled 59 vacated positions in an effort to control costs in this economic climate. (Pl. Mem. Opp'n Summ. J. Ex. 4 (Barre′ Dep. at 87-88).) The Defendants' growth plans for the Carolina Region are not evidence of pretext.

8

Burgess argues that Barre′ was not required to relocate to Greenville as she was. However, Barre′ began working out of Greenville part-time in September/October 2008. By November, Barre′ worked out of Greenville every week and as of January 2009, Barre′ worked in Greenville full-time. (Id. Ex. 4 (Barre′ Dep. at 96-97).) Burgess claims that at the time of her termination, she was aware of an opening for a sales and marketing director position for the Greenville Mariott, and the Defendants did not offer the position to her. (Id. Ex. 11 (Burgess Aff. ¶ 28).) Burgess alleges that after she refused to sign the severance agreement, she checked the site for the job posting, but it had been removed. (Id. Ex. 11 (Burgess Aff. ¶ 28).) However, Rama testified that there were no other regional positions available. (Def. Mem. Supp. Summ. J. Ex. 11 (Rama Dep. at 75).)

Moreover, the court finds that the Defendants have not provided inconsistent reasons for her termination and have consistently stated that her job was being eliminated for business reasons to reduce costs. (Id. Ex. 11 (Rama Dep. at 74-76).) Burgess argues that the reasons given by the Defendants in their interrogatory responses are inconsistent with Rama's and McPheeter's deposition testimony. The interrogatory response states why Burgess' position specifically was eliminated. (Pl. Mem. Opp'n Summ. J. Ex. 36 (Defs. Resp. Interrogatories).) The reasons provided in the interrogatory responses and the deposition testimony are not inconsistent with the Defendants' stated reasons that Burgess' position was eliminated in an effort to cut costs due to the economic climate.

In addition, "[w]hile temporal proximity is sufficient to meet the low burden required to establish a prima facie case of retaliation in violation of the FMLA, it is not alone sufficient to establish that an employer's legitimate, non-discriminatory reason for discharge was a pretext."

Heady v. U.S. Enrichment Corp., No. 04-5762, 2005 WL 1950793, at *4 (6th Cir. Aug. 16, 2005) (unpublished). Based on the foregoing, Burgess fails to establish pretext. Because Burgess fails to meet her burden, she cannot survive summary judgment under the McDonnell Douglas framework.

### D. Mixed-Motive Framework

The United States Court of Appeals for the Fourth Circuit has never addressed whether the mixed-motive framework applies in FMLA cases. However, other circuits have utilized it in FMLA cases. Richardson v. Monitronics Intern., Inc., 434 F.3d 327, 333 (5th Cir. 2005) (holding that mixed-motive framework applies, and direct evidence is not required, in a claim for retaliation under FMLA); see also Sullivan v. Cato Corp., No. 8:04-651-GRA-BHH, 2006 WL 644469, at *6 (D.S.C. Mar. 9, 2006) (unpublished). The Defendants rely on Yashenko; however, the Fourth Circuit only addressed the FMLA retaliation claim under the McDonnell Douglas framework.

Further, "there is a serious question as to whether the mixed-motive theory of FMLA retaliation survives the Supreme Court's recent decision in Gross v. FBL Fin. Servs., Inc., --- U.S. ----, 129 S. Ct. 2343, 174 L.Ed.2d 119 (2009)." Rasic v. City of Northlake, No. 08 C 104, 2009 WL 3150428, at *17 (N.D. Ill. Sept. 25, 2009); but see Hunter v. Valley View Local Schools, 579 F.3d 688, 691-92 (6th Cir. 2009) (finding mixed-motive framework still applied in FMLA cases). In Gross, the United States Supreme Court held that the plain language of the Age Discrimination in Employment Act does not permit a mixed-motive ADEA case. 129 S. Ct. at 2352. The Supreme Court held that under the ADEA, a plaintiff

> must prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action. The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision.

Id. The anti-retaliation provision of the FMLA prohibits discharging or discriminating against any person "for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2). In Rasic, the court noted that "this statutory formulation ('for opposing') is not distinguishable in any meaningful way from the ADEA formulation ('because of') that *Gross* held requires proof of but-for causation." Rasic, 2009 WL 3150428, at *17. In contrast, in Hunter, the Sixth Circuit concluded that the statutory language along with consideration of 29 C.F.R. § 825.220(c) authorized mixed-motive FMLA cases. 579 F.3d at 691.

However, even assuming that a mixed-motive framework applies in FMLA retaliation cases, the Defendants are entitled to summary judgment. Under a mixed-motive framework, Burgess has put forth insufficient evidence to defeat the Defendants' summary judgment motion. To have a retaliation case analyzed under the mixed-motive framework, "a plaintiff need only present sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that [an improper reason] was a motivating factor for any employment practice." Desert Palace, Inc. v. Costa, 539 U.S. 90, 101 (2003) (internal quotation marks omitted). If a plaintiff provides sufficient evidence, direct or circumstantial, "the burden of persuasion shifts to the employer to prove that it would have reached the same determination without any discriminatory animus . . . ." Taylor v. Virginia Union Univ., 193 F.3d 219, 232 (4th Cir. 1999) (internal quotation marks omitted), abrogated on other grounds by, Hill v. Lockheed Martin Logistics Mgt. Inc., 354 F.3d 277, 284 (4th Cir. 2004).

After review and for the reasons set forth above, a reasonable jury could not infer from the evidence that Burgess' FMLA request was a motivating factor in the Defendants' decision. Therefore, the Defendants' motion for summary judgment on the FMLA retaliation claim is granted. The court adopts the portions of Magistrate Judge Hendricks' Report and Recommendation that are consistent with this opinion.

Therefore, it is

**ORDERED** that the Defendants' motion for summary judgment, docket number 47, is granted in part and denied in part.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 13, 2010