IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Kristie Burgess, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 6:08-3919-HMH-BHH |
| | ) |
| vs. | ) **OPINION & ORDER** |
| | ) |
| JHM Hotels, LLC, and JHM Hotels | ) |
| Management, Inc., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on Kristie Burgess' ("Burgess") motion to reconsider the court's April 13, 2010 order ("April Order") granting in part the Defendants' motion for summary judgment.

## I. FACTUAL AND PROCEDURAL HISTORY

In the Report and Recommendation, United States Magistrate Judge Bruce Howe Hendricks recommended denying the Defendants' motion for summary judgment on the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq*. interference claim and the FMLA retaliation claim. The Defendants filed objections arguing that they are entitled to summary judgment on the retaliation claim. On April 13, 2010, the court granted the Defendants' motion for summary judgment on the retaliation claim only. On April 15, 2010, Burgess filed a motion for reconsideration. The Defendants filed a response on April 26, 2010. This matter is now ripe for consideration.

## II. Discussion of the Law

The "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." American Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003). Further, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514.

As an initial matter, Burgess complains that the court did not allow ample time for filing of her response to the Defendants' objections to the Report and Recommendation. (Mot. Recons. 1.) The court entered its order prior to the deadline for a response to objections set forth in Rule 72(c) of the Federal Rules of Civil Procedure. However, Burgess has suffered no prejudice given that the court is reviewing its decision de novo in light of her motion for reconsideration. In addition, Burgess requests that the court provide her guidance regarding the impact of the April Order on a trial of the merits. The court cannot provide an advisory opinion regarding the impact of the April Order on the issues that remain for trial. Norvell v. Sangre de Cristo Dev. Co., 519 F.2d 370, 375 (10th Cir. 1975) ("federal courts do not render advisory opinions").

With respect to the substantive grounds of Burgess' motion for reconsideration, the court finds, as it did previously in the April Order, that she has failed to raise any genuine issue of material fact. Burgess argues that the Defendants have offered varying reasons that her position was chosen to be eliminated and that this is sufficient to raise genuine issues of material fact regarding pretext. (Mot. Recons., generally.)

> In assessing a motion for summary judgment, a court must perform a dual inquiry into the *genuineness and materiality* of any purported factual issues. As to

materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. While [g]enuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice.

Guinness PLC v. Ward, 955 F.2d 875, 882-83 (4th Cir. 1992) (internal quotation marks and citation omitted). "The existence of an alleged factual dispute between the parties will not defeat a properly supported motion for summary judgment, unless the disputed fact is one that might affect the outcome of the litigation." JKC Holding Co. LLC v. Washington Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001). As the Defendants have noted, Burgess has done an excellent job of unnecessarily "muddying the waters." (Defs. Mem. Opp'n Mot. Recons. 4.) However, none of Burgess' factual arguments raise any material or genuine factual dispute that the Defendants' proffered reason for termination, that Burgess' position was eliminated as part of a reduction in force ("RIF"), was pretextual.

> "The focus of a pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered." The court will not sit "as a super personnel department that reexamines an entity's business decision and reviews the propriety of the decision."

Chapman v. Univ. of Chicago Hospitals, No. 03C5849, 2005 WL 936591 at *8 (N.D. Ill. 2005) (unpublished) (quoting Stewart v. Henderson, 207 F.3d 374, 376 (7th Cir. 2000)).

Burgess' argument that no other management level employees were included in the RIF does not create a genuine issue of material fact. (Mot. Recons. 10.) Burgess may have been the only Regional Director position eliminated, however, it is undisputed that among the 71 positions included in the RIF, a number of manager and corporate level positions were eliminated. (Defs. Mem. Opp'n Mot. Recons. Ex. 1 ( Cindy McPheeter ("McPheeter") Aff. Ex. 8).) Further, Burgess argues that the failure of the Defendants to offer her the Marriott sales

3

position creates an issue of fact. (Mot. Recons. 10.) The only evidence regarding the Marriott position is Burgess' affidavit. In her affidavit, Burgess states she was aware of an open position and that after she was terminated she checked to see if this position remained open and the job posting was no longer there. (Pl. Mem. Opp'n Mot. Summ. J. Ex. 11 (Burgess Aff. ¶ 28).) There is no competent evidence that when Burgess was terminated, another position existed that could have been offered to her. The fact that this position may have been open prior to her termination does not create an issue of fact.

With respect to Burgess' argument regarding her alleged poor performance evaluation and pay raise, as the court noted in the April Order, Burgess received a 2 percent pay increase, which was the average raise. (Def. Reply Ex. 3 (McPheeters 2nd Aff. ¶ 4).) It is undisputed that as a result of her performance evaluation, Burgess received an average pay raise. Further, there is no evidence to refute that the ultimate decision maker, Dharmendra Rama ("Rama"), did not review her performance evaluation in deciding to eliminate Burgess' position. (Id. Ex. 1 (Rama Aff. ¶ 10).) Burgess' average pay raise and purported poor performance evaluation fail to raise a genuine issue of material fact.

Further, Burgess citing in part Yashenko v. Harrah's NC Casino Co., LLC, 446 F.3d 541, 547 (4th Cir. 2006), argues that "[t]his Court shifted the burden of proof to Plaintiff to show that she was terminated as part of a RIF when, in fact, Defendants' argument places the burden of proof on Defendants." (Mot. Recons. 3.) In addition, Burgess argues that "[t]his court erroneously focused on the existence of a RIF, rather than the specific reasons for Plaintiff's termination." (Id. 5.) This is incorrect. The Defendants offered a legitimate, nondiscriminatory reason for her discharge, that Burgess was terminated as part of a RIF. In Yashenko, the

defendant alleged that the plaintiff's position was eliminated as part of a company reorganization. Yashenko, 446 F.3d at 545. The Fourth Circuit noted "plaintiff bears the burden of establishing that employer's proffered explanation for an adverse employment action is pretext for FMLA retaliation." Id. at 551. The court found that the

> retaliation claim fails because he has not proffered evidence demonstrating that Harrah's asserted legitimate non-discriminatory reason for eliminating his position was pretextual. . . . Harrah's offered a great deal of evidence explaining its reasons for eliminating Yashenko's position, none of which relate to his FMLA leave.

Id. The Defendants have presented evidence that 71 positions were eliminated across the company to reduce costs.

Further, the Defendants have provided evidence that Burgess' position was chosen to be eliminated because the reporting requirements in the Carolina Region were easier and "the existing manpower was underutilized." (Defs. Mem. Supp. Summ. J. Ex. 9 (Rama Dep. 34-35).) The duties of the Regional Manager were assigned to Daniel "Barré to perform Plaintiff's duties, with help from Jim Browder, Vice President of Sales, and Amanda Britt, the Director of Sales from the Georgia Region." (Id. 4 & Ex. 9 (Rama Dep. 35).) The position remains vacant and the Defendants have no intention to fill the position. (Id. Ex. 12 (Rama Dep. at 38).) After the Defendant provides the court with a legitimate, nondiscriminatory reason for termination, the burden then shifts to Burgess to produce evidence that the reasons offered by the Defendants are pretextual. Yashenko, 446 F.3d at 551. Burgess can meet the burden of showing pretext by providing evidence tending to show that the Defendants' proffered reason for her discharge was false. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000). As noted herein and in the April Order, Burgess has failed to carry her burden. In deciding the Defendants' motion for summary judgment on the retaliation claim, the court considered all of Burgess'

pretext arguments. Burgess failed to raise any genuine issue of material fact that disputed the Defendants' proffered reason. Based on the foregoing, the court did not improperly shift the burden to Burgess or fail to consider the reasons Burgess' position was chosen for elimination.

Burgess argues that "[t]he effect of this Court's decision is that, as long as an employer is conducting a RIF at some level at some time, it will prevail as a matter of law as to any discharge claim by simply claiming that the plaintiff was part of a RIF." (Mot. Recons. 7.) Burgess is essentially arguing that the court did not conduct a pretext analysis. This is patently false. As noted above, once the employer offers a legitimate, nondiscriminatory reason, the burden then shifts to the employee to establish pretext. Yashenko, 446 F.3d at 551. The court evaluated all of the evidence indicating why Burgess was chosen to be included in the RIF and concluded that Burgess' evidence of pretext did not support any inference that the Defendants' proffered reason was false. Based on the foregoing and for the reasons set forth in the April Order, the court denies Burgess' motion for reconsideration.

It is therefore

**ORDERED** that Burgess' motion for reconsideration, docket number 67, is denied.

**IT IS SO ORDERED.**

                                                                           s/Henry M. Herlong, Jr.
                                                                          Senior United States District Judge

Greenville, South Carolina
May 3, 2010